IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JUDGE PAULEY

----------------------------------------------------------X

MILAGROS MICHELLE KELLY, on behalf of her
minor son RONALD LASHLEY, URBANA
SANCHEZ, on behalf of her minor son, ANGEL
AGOSTO

INDEX NO. 5272
ECF CASE

12

Plaintiffs,

JURY TRIAL DEMANDED

- against -

COMPLAINT

THE CITY OF NEW YORK, a municipal
entity, NEW YORK CITY POLICE
OFFICERS "JOHN DOES 1-3", "JOHN
DOE" NEW YORK CITY POLICE
SERGEANT, and "JOHN DOE" NEW YORK
CITY POLICE DETECTIVE,



RECEIVED
JUL 0 6 2012
U.S.D.C. S.D. N.Y.
CASHIERS

Defendants.

----------------------------------------------------------X

Plaintiff MILAGROS MICHELLE KELLY, on behalf of her minor son,
Plaintiff RONALD LASHLEY, and Plaintiff URBANA SANCHEZ on behalf of her
minor son, Plaintiff ANGEL AGOSTO, by their attorneys, STECKLOW COHEN &
THOMPSON, complaining of the defendants, respectfully allege as follows:

## I. PRELIMINARY STATEMENT

1.    Plaintiff MILAGROS MICHELLE KELLY, on behalf of her minor son
RONALD LASHLEY, and Plaintiff URBANA SANCHEZ, on behalf of her minor
son ANGEL AGOSTO, bring this action for compensatory damages, punitive
damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988
for violations of their civil rights, as said rights are secured by said statutes and
the Constitutions of the State of New York and the United States.

2. On or about Thursday September 22, 2011, at or around 9:00pm Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were walking down Westchester Avenue in The Bronx, New York. Along their walk, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were approached by a senior police officer ("Defendant "John Doe" SENIOR POLICE OFFICER) who stopped the Plaintiffs, inquired as to their destination, and proceeded to search Plaintiff ANGEL AGOSTO. Despite the fact that neither Plaintiff RONALD LASHLEY nor Plaintiff ANGEL AGOSTO had engaged in any illegal behavior of any type, the Defendant "John Doe" SENIOR POLICE OFFICER called for backup and arrested the minor Plaintiffs. Plaintiffs were held in police custody, handcuffed to a bench for several hours, bullied, berated, and interrogated at length without their parents or an attorney present. The Plaintiffs were threatened with incarceration if they did not falsely confess to crimes they did not commit, and refused to do so. The Plaintiffs' parents were alerted to their childrens' arrests late that evening and early the following morning, and the Plaintiffs were released to their parents with Desk Appearance Tickets returnable the following day. When the Plaintiffs and their respective mothers appeared at Court, they were pressured by Court staff to place the Plaintiffs on probation for crimes they did not commit, and the Plaintiffs' mothers refused to do so. Several days after that, the Plaintiffs received notices that their cases had been dismissed due to declination of prosecution. MILAGROS MICHELLE KELLY on behalf of her minor son, RONALD LASHLEY, and URBANA SANCHEZ on behalf of her minor son, ANGEL AGOSTO, bring this action in a quest for answers as to why their sons were punitively arrested without probable cause and detained at length in the absence of criminal conduct.

3. In compliance with the Southern District's "PLAN FOR CERTAIN § 1983 CASES AGAINST THE CITY OF NEW YORK," attached hereto as **Exhibit "A"** is an executed §160.50 release for Plaintiff RONALD LASHLEY.

4. In compliance with the Southern District's "PLAN FOR CERTAIN § 1983 CASES AGAINST THE CITY OF NEW YORK," attached hereto as **Exhibit "B"** is an executed §160.50 release for Plaintiff ANGEL AGOSTO.

## II. JURISDICTION

5. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

6. MILAGROS MICHELLE KELLY, on behalf of her minor son Plaintiff RONALD LASHLEY, and URBANA SANCHEZ on behalf of her minor son, Plaintiff ANGEL AGOSTO, further invoke this Court's supplemental jurisdiction, pursuant to 28 USC. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## III. VENUE

7. Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b) because the claims arose in this district.

## IV. JURY DEMAND

8. MILAGROS MICHELLE KELLY on behalf of her minor son, Plaintiff RONALD LASHLEY, and URBANA SANCHEZ on behalf of her minor son, Plaintiff ANGEL AGOSTO, respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## V. THE PARTIES

9.  At all times relevant to this action, Plaintiff RONALD LASHLEY was an American citizen and a resident of the City of New York, County of Bronx and State of New York.

10. At all times relevant to this action Plaintiff RONALD LASHLEY'S mother, MILAGROS MICHELLE KELLY, was an American citizen and a resident of the City of New York, County of Bronx and State of New York.

11. At all times relevant to this action, Plaintiff ANGEL AGOSTO was an American citizen and a resident of the City of New York, County of Bronx and State of New York.

12. At all times relevant to this action Plaintiff ANGEL AGOSTO'S mother, URBANA SANCHEZ, was an American citizen and a resident of the City of New York, County of Bronx and state of New York.

13.Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

14. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, CITY OF NEW YORK.

15. That at all times hereinafter mentioned, the Defendant New York City Police Officers "John Does 1-3") (individually, "Defendant OFFICER JOHN DOE ___"; collectively, "Defendant OFFICERS ;(John Doe' POLICE OFFICERS"), Defendant "John Doe" SENIOR POLICE OFFICER, and Defendant "John Doe" POLICE DETECTIVE were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

16. The identities, *sui generis*, of some Defendant "John Doe" SENIOR POLICE OFFCERS, Defendant "John Doe" POLICE DETECTIVE, and one of the Defendant "John Doe" POLICE OFFICERS are known to Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO at this time.

17. However, as the names of Defendant "John Doe" SENIOR POLICE OFFICER, Defendant "John Doe" POLICE DETECTIVE, and the individual Defendant "John Doe" POLICE OFFICER are unclear to Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO on the basis of evidence currently within their possession, Plaintiffs will amend this complaint in order to name the individual Defendants as their identities can be established to a reasonable certainty.

18. Though Plaintiff ANGEL AGOSTO at this point is uncertain as to the names of the Defendant "John Doe" POLICE OFFICERS who undertook his arrest, he can verify that the New York Police Department Officer who issued his Desk Appearance Ticket was Officer Abdalla.

19.Due to the New York City Police Department's ("NYPD") policy of "Turnover Arrests," codified at NYPD Patrol Guide PG 208-20, Plaintiff ANGEL AGOSTO is uncertain whether Officer Abdalla played any role in the incident described herein beyond issuing the afforementioned Desk Appearance Ticket to Plaintiff ANGEL AGOSTO.

20.Defendant "John Doe" SENIOR POLICE OFFICER, at the time of the incident and arrest in question, was wearing a short-sleeved, white-shirted uniform.

21.Defendant "John Doe" SENIOR POLICE OFFICER is caucasian.

22.Defendant "John Doe" SENIOR POLICE OFFICER was around 30-40 years old.

23.Defendant "John Doe" SENIOR POLICE OFFICER was about 6 feet tall.

24.Defendant "John Doe" SENIOR POLICE OFFICER was skinny and slightly built.

25.Defendant "John Doe" SENIOR POLICE OFFICER was not wearing glasses.

26.Defendant "John Doe" SENIOR POLICE OFFICER did not have any tattoos.

27.One of the Defendant "John Doe" POLICE OFFICERS is African.

28.Defendant "John Doe" POLICE DETECTIVE was Latino.

29.Defendant "John Doe" POLICE DETECTIVE was around 30-40 years old.

30.Defendant "John Doe" POLICE DETECTIVE was muscular and well-built.

31.Defendant "John Doe" POLICE DETECTIVE had large tattoos on his forearms.

32.Defendant "John Doe" POLICE DETECTIVE was not wearing glasses.

33.That at all times relevant to this action, Defendant OFFICERS JOHN DOES 1-3, Defendant "John Doe" SENIOR POLICE OFFICER, and Defendant "John Doe" POLICE DETECTIVE personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

34.Each and all of the acts of the Defendant "John Doe" POLICE OFFICERS, Defendant "John Doe" SENIOR POLICE OFFICER, and Defendant "John Doe "POLICE DETECTIVE alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

35.Each and all of the acts of the Defendant "John Doe" POLICE OFFICERS, Defendant "John Doe" SENIOR POLICE OFFICER, and Defendant "John Doe" POLICE DETECTIVE alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## VI. FACTS COMMON TO ALL CLAIMS

36.Plaintiff RONALD LASHLEY is 15 years old.

37.Plaintiff ANGEL AGOSTO is 16 years old.

38.On September 22, 2011 at or around 9:00pm Plaintiff RONALD LASHLEY and Plaintiff

ANGEL AGOSTO were walking down Westchester Avenue in the Bronx, New York.

39. While walking, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO spotted a marked police car.

40. Before noticing this marked police car, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO had been walking for approximately forty-five minutes.

41. Upon information and belief, teenage boys often enjoy walking and talking with each other without a particular destination in mind.

42. Shortly after Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO spotted Defendant "John Doe" SENIOR POLICE OFFICER in the marked police car, the Defendant "John Doe" SENIOR POLICE OFFICER got out of the car.

43. Shortly after Defendant "John Doe" SENIOR POLICE OFFICER got out of the marked police car, he approached Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO.

44. At the time of his approach, Defendant "John Doe" SENIOR POLICE OFFICER asked Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO, in sum and substance, "Hold on, where are you two coming from?"

45. Upon information and belief, Defendant "John Doe" SENIOR POLICE OFFICER did not have grounds to formulate a reasonable suspicion that Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO had engaged in any illegal activity of any kind.

46. Upon information and belief, at or around this time, Defendant "John Doe" SENIOR POLICE OFFICER falsely told Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO that they were being stopped because they matched the descriptions of individuals who had recently stolen a cell phone near Westchester Avenue in the Bronx, New York.

47. Along their walk, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO had not interacted with any other individuals.

48. Following Defendant "John Doe" SENIOR POLICE OFFICER'S, in sum and substance, "Hold on where are you two coming from?" question and before allowing either Plaintiff RONALD LASHLEY or Plaintiff ANGEL AGOSTO a response, Defendant "John Doe" SENIOR POLICE OFFICER reached into and searched Plaintiff ANGEL AGOSTO'S pockets.

49. Defendant "John Doe" SENIOR POLICE OFFICER had no probable cause to search Plaintiff ANGEL AGOSTO.

50. At or around this time, Plaintiff RONALD LASHLEY stated, in sum and substance, "We are coming from my house."

51. Despite the fact that neither Plaintiff RONALD LASHLEY nor Plaintiff ANGEL AGOSTO had engaged in any illegal behavior of any type, Defendant "John Doe" SENIOR POLICE OFFICER called for back up.

52.Following Defendant "John Doe" SENIOR POLICE OFFICER'S call for back up, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO waited with the Defendant "John Doe" SENIOR POLICE OFFICER.

53.At no point did either Plaintiff RONALD LASHLEY or Plaintiff ANGEL AGOSTO attempt to run away from Defendant "John Doe" SENIOR POLICE OFFICER.

54.At or around this time, a police van arrived at the Westchester Avenue location in response to Defendant "John Doe" SENIOR POLICE OFFICER'S call for back-up.

55.Shortly after arriving at the Westchester Avenue location, the aforementioned police van pointed its spotlight directly at Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO.

56.At or around this time, several Defendant "John Doe" POLICE OFFICERS stepped out of the police van.

57.At or around this time, these Defendant "John Doe" POLICE OFFICERS forced Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO to stand against a gated-fence near the sidewalk of Westchester Avenue.

58.  At or around this time, one or more of the Defendant "John Doe" POLICE OFFICERS forced Plaintiff RONLALD LASHLEY and Plaintiff ANGEL AGOSTO to stand against a wall near the sidewalk of Westchester Avenue.

59.With the police van's spotlight shining directly on Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO, the Defendant "John Doe" POLICE OFFICERS searched Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO.

60.At or around this time, one or more of the Defendant "John Doe" POLICE OFFICERS asked Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO, in sum and substance "Where are you two coming from and what are you two doing?"

61.At or around this time, and before either Plaintiff RONALD LASHLEY or Plaintiff ANGEL AGOSTO could respond to the Defendant "John Doe" POLICE OFFICERS' questions, one or more of the Defendant "John Doe" POLICE OFFICERS told Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO to, in sum and substance, "Turn around."

62.At or around this time, one or more of the Defendant "John Doe" POLICE OFFICERS handcuffed Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO.

63.These Defendant "John Doe" POLICE OFFICERS did not have probable cause to arrest Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO.

64.Following the Defendant "John Doe" POLICE OFFICERS' handcuffing of Plaintiff ANGEL AGOSTO and Plaintiff RONALD LASHLEY, one or more of the Defendant "John Doe" POLICE OFFICERS put Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO into the back of the nearby police van.

65.While being put in the back of the nearby police van by the Defendant "John Doe" POLICE OFFICERS, Plaintiff ANGEL AGOSTO asked one or more of the Defendant "John Doe" POLICE OFFICERS, in sum and substance "Why am I being put in this police van?"

66.In response to Plaintiff ANGEL AGOSTO'S question, one or more of the Defendant "John Doe" POLICE OFFICERS stated, in sum and substance "Shut up."

67.At or around this time, one or more of the Defendant "John Doe" POLICE OFFICERS asked Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO,in sum and substance, "When do you want it, now or later?"

68.At or around this time, the Defendant "John Doe" POLICE OFFICERS drove Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO to the New York Police Department's 43rd Precinct ("the 43rd Precinct").

69.While en route to the 43rd Precinct, Plaintiff RONALD LASHLEY asked the Defendant "John Doe" POLICE OFFICERS, in sum and substance, "Why are we being taken to the 43rd Precinct?"

70.In response, one or more of the Defendant "John Doe" POLICE OFFICERS stated, in sum and substance, "There was a fight."

71. Upon arrival at the 43rd Precinct, one or more the Defendant "John Doe" POLICE OFFICERS took Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO inside of the building and took off their handcuffs.

72.Shortly thereafter, one or more of the Defendant "John Doe" POLICE OFFICERS put handcuffs back on Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO.

73.At or around this time, one or more of the Defendant "John Doe" POLICE OFFICERS handcuffed Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO to a bench in the 43rd Precinct.

74.The Defendant "John Doe" POLICE OFFICERS kept Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO handcuffed to the same bench for approximately four hours.

75.The bench which the Defendant "John Doe" POLICE OFFICERS had handcuffed Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO to was in an area of the 43rd Precinct that was heavily trafficked by the Defendant "John Doe" POLICE OFFICERS, as well as numerous New York Police Department officers, sergeants, and detectives.

76. Upon information and belief, it is not the accepted practice of the New York Police Department to leave detainees handcuffed to prison furniture.

77. Upon information and belief, Defendants and the number other New York Police Department officers, sergeants, and detectives nearby and on-site would not hold violent or dangerous offenders in the open and heavily trafficked area of the 43rd Precinct in which Plaintiff Ronald LASHLEY and Plaintiff ANGEL AGOSTO were detained.

78. At no point leading up to one or more of the the Defendant "John Doe" POLICE OFFICERS' handcuffing of Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO'S to the aforementioned bench in the 43rd Precinct had Plaintiffs attempted to run away from the Defendant "John Doe" POLICE OFFICERS or from Defendant "John Doe" SENIOR POLICE OFFICER.

79. In fact, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO had at all times complied with all orders, commands, and instructions from the Defendant "John Doe" POLICE OFFICERS and from Defendant "John Doe" SENIOR POLICE OFFICER.

80. Upon information and belief, no reasonable person would believe that either Plaintiff RONALD LASHLEY or Plaintiff ANGEL AGOSTO would attempt to flee from the custody of the Defendant "John Doe" POLICE OFFICERS and Defendant "John Doe" SENIOR POLICE OFFICER as Plaintiffs were in area of the 43rd Precinct that was heavily-trafficked by New York Police Department officers, sergeants, and detectives.

81.Plaintiff ANGEL AGOSTO and Plaintiff RONALD LASHLEY were not flight risks.

82. As neither Plaintiff ANGEL AGOSTO nor Plaintiff RONALD LASHLEY were flight risks, the Defendant "John Doe" POLICE OFFICERS' act of handcuffing Plaintiffs to the aforementioned bench for approximately four hours was an use of excessive force.

83. After approximately four hours, one or more the Defendant "John Doe" POLICE OFFICERS removed the handcuffs from Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO.

84.At or around this time, one or more the Defendant "John Doe" POLICE OFFICERS took Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO to an area of the 43rd Precinct located just outside of Defendant "John Doe" POLICE DETECTIVE'S office.

85.At or around this time, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO asked one or more of the Defendant "John Doe" POLICE OFFICERS, in sum and substance, "Can we call our parents?"

86.In response, one or more of the Defendant "John Doe" POLICE OFFICERS stated, in sum and substance, "You can call your parents when we feel like it."

87.At or around this time, Plaintiff ANGEL AGOSTO told one or more of the Defendant "John Doe" POLICE OFFICERS, in sum and substance, "I did not rob a girl and I did not steal a cell phone."

88.In response, one or more of the Defendant "John Doe" POLICE OFFICERS told Plaintiff ANGEL AGOSTO, in sum and substance, "Tell [Defendant 'John Doe' POLICE DETECTIVE] the right thing."

89.Following this exchange, the Defendant "John Doe" POLICE OFFICERS sent Plaintiff ANGEL AGOSTO into Defendant "John Doe" POLICE DETECTIVE'S office.

90.At this time, one or more of the Defendant "John Doe" POLICE OFFICERS told Plaintiff RONALD LASHLEY to, in sum and substance, "Wait outside of [Defendant 'John Doe' POLICE DETECTIVE'S] office."

91. At or around this time, Plaintiff ANGEL AGOSTO entered Defendant "John Doe" POLICE DETECTIVE'S office.

92. At this time, Plaintiff ANGEL AGOSTO waited within Defendant "John Doe" POLICE DETECTIVE'S office for approximately ten minutes.

93. At or around this time, Defendant "John Doe" POLICE DETECTIVE entered his office and asked Plaintiff ANGEL AGOSTO, in sum and substance, "What happened, what is your name, and where is the phone?"

94. In response, Plaintiff ANGEL AGOSTO stated, in sum and substance, "My name is ANGEL AGOSTO. I don't have a phone."

95. In response, Defendant "John Doe" POLICE DETECTIVE asked Plaintiff ANGEL AGOSTO again, in sum and substance, "Where is the phone?"

96. In response, Plaintiff ANGEL AGOSTO stated, in sum and substance, "I don't have a phone."

97. In response, Defendant "John Doe" POLICE DETECTIVE demanded, in sum and substance, "Where is the phone?"

98. In response, Plaintiff ANGEL AGOSTO stated, in sum and substance, "I don't have any phone."

99. Following this exchange, Defendant "John Doe" POLICE DETECTIVE stated to Plaintiff ANGEL AGOSTO, in sum and substance, "Have fun at Horizon."

100. Defendant "John Doe" POLICE DETECTIVE'S statement, "Have fun at Horizon" was made in reference to the Bronx, New York's "Horizon Juvenile Detention Center", a detention center for juveniles who have been charged with misdemeanors and crimes and are awaiting the resolution of their court cases.

101. At or around this time, Defendant "John Doe" POLICE DETECITVE instructed the Defendant "John Doe" POLICE OFFICERS to, in sum and substance, "Take ANGEL AGOSTO'S dumb ass down stairs and bring RONALD LASHLEY into my office."

102. At or around this time, one or more of the Defendant "John Doe" POLICE OFFICERS walked Plaintiff ANGEL AGOSTO out of Defendant "John Doe" POLICE DETECTIVE'S office.

103. At or around this time, Defendant "John Doe" POLICE DETECTIVE left his office.

104. At or around this time, one or more of the Defendant "John Doe" POLICE OFFICERS walked Plaintiff RONALD LASHLEY into Defendant "John Doe" POLICE DETECTIVE'S office.

105. Upon arriving in Defendant "John Doe" POLICE DETECTIVE'S office, Plaintiff RONALD LASHLEY waited for approximately twenty minutes.

106. During Plaintiff RONALD LASHLEY'S wait of approximately twenty minutes, one or more of the Defendant "John Doe" POLICE OFFICERS told Plaintiff RONALD LASHLEY to, in sum and substance, "Look out at the little window in Defendant 'John Doe' POLICE DETECTIVE'S office."

107. Following the Defendant "John Doe" POLICE OFFICERS' order, Plaintiff RONALD LASHLEY looked out a little window in Defendant "John Doe" POLICE DETECTIVE'S office.

108.After Plaintiff RONALD LASHLEY looked out at the little window in the Defendant "John Doe" POLICE DETECTIVE'S office for approximately five minutes, Defendant "John Doe" POLICE DETECTIVE entered his office.

109.At or around this time, Defendant "John Doe" POLICE DETECTIVE asked Plaintiff RONALD LASHLEY, in sum and substance, "Where is the phone?"

110.In response, Plaintiff RONALD LASHLEY asked Defendant "John Doe" POLICE DETECTIVE, in sum and substance, "What phone?"

111.In response, Defendant "John Doe" POLICE DETECTIVE stated to Plaintiff RONALD LASHLEY, in sum and substance "Do not play dumb with me. We have Plaintiff ANGEL AGOSTO downstairs and he has told us everything that you two have done since leaving his house. I'm not trying to hear your lies. If you're going to play dumb with me you're going to Horizon."

112.At or around this time, Defendant "John Doe" POLICE DETECTIVE was also cursing at Plaintiff RONALD LASHLEY in a manner that Plaintiff RONALD LASHLEY perceived as threatening, intimidating, and intended to bully.

113.At this time, the Defendant "John Doe" POLICE DETECTIVE continued speaking to Plaintiff RONALD LASHLEY by stating, in sum and substance, "Since you're so cool and don't know anything, guess who is in the 43rd Precinct? You're going down for this whether you did it or not."

114.At this time, the Defendant "John Doe" POLICE DETECTIVE continued speaking to Plaintiff RONALD LASHLEY by stating, in sum and substance, "I'll give you one more chance. Tell us where the kid who stole the cell phone lives. What is his name, what does he look like?"

115.Following this question by the Defendant "John Doe" POLICE DETECTIVE, Plaintiff RONALD LASHLEY did not respond.

116.Plaintiff RONALD LASHLEY did not respond to this question because he was hurt by Defendant "John Doe" POLICE DETECTIVE'S intimidating tone and threatening words.

117.Plaintiff RONALD LASHLEY did not respond to this question because neither he nor Plaintiff ANGEL AGOSTO had stolen a cell phone.

118.Plaintiff RONALD LASHLEY did not respond to this question because he felt that it had become futile for him to repeatedly claim his innocence to the Defendant "John Doe" POLICE OFFICERS and Defendant "John Doe" POLICE DETECTIVE.

119.At or around this time, Defendant "John Doe" POLICE DETECTIVE exited his office.

120.At or around this time, the Defendant "John Doe" POLICE OFFICERS walked Plaintiff RONALD LASHLEY out of Defendant "John Doe" POLICE DETECTIVE'S office.

121. At no point during Defendant "John Doe" POLICE DETECTIVE'S questioning of Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were Plaintiffs' parents or guardians informed that Plaintiffs were in police custody.

122. At no point before or during Defendant "John Doe" POLICE DETECTIVE'S custodial interrogation of Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSO did either Plaintiff have an attorney appointed.

123. At no point during Defendant "John Doe" POLICE DETECTIVE'S custodial interrogations of Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO did either Plaintiff have a legal representative present.

124.At or around this time, one or more of the Defendant "John Doe" POLICE OFFICERS took Plaintiff RONALD LASHLEY'S and Plaintiff ANGEL AGOSTO'S fingerprints.

125.At or around this time, the Defendant "John Doe" POLICE OFFICERS took Plaintiff RONALD LASHLEY'S and Plaintiff ANGEL AGOSTO'S photographs.

126.At or around this time, approximately 11:30pm, the Defendant "John Doe" POLICE OFFICERS falsely told Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO that they would soon be released from the 43rd Precinct.

127.In actuality, the Defendant "John Doe" POLICE OFFICERS would not release Plaintiff RONALD LASLHEY and Plaintiff ANGEL AGOSTO from the 43rd Precinct until the next day.

## PLAINTIFF ANGEL AGOSTO'S RELEASE
## AND COURT APPEARANCE

128.At or around approximately 11:30pm, one or more of the Defendant "John Doe" POLICE OFFICERS called Plaintiff ANGEL AGOSTO'S mother, URBANA SANCHEZ.

129.Plaintiff ANGEL AGOSTO'S mother, URBANA SANCHEZ arrived at the the 43rd Precinct at approximately 12:00am on September 23rd, 2011.

130.When URBANA SANCHEZ arrived at the 43rd Precinct the Defendant "John Doe" POLICE OFFICERS told her that Plaintiff ANGEL AGOSTO had been arrested because his appearance was similar to the description of someone who had recently stolen a cell phone near Westchester Avenue in the Bronx, NY.

131.At or around this time, the Defendant "John Doe" POLICE OFFICERS gave Plaintiff ANGEL AGOSTO'S mother, URBANA SANCHEZ a desk appearance ticket for Plaintiff ANGEL AGOSTO to appear in the Bronx Family-Criminal Courthouse at approximately 8:00am the next morning, September 23rd, 2012.

132.At the time of Plaintiff ANGEL AGOSTO'S appearance at the Bronx Family-Criminal Courthouse, the Defendant "John Doe" POLICE OFFICERS and a probation officer, ("Probation Officer"), attempted to induce Plaintiff ANGEL AGOSTO to sign a probation agreement which referenced charges arising from Defendant "John Doe" SENIOR POLICE OFFICER'S stop and the Defendant "John Doe" POLICE OFFICERS' arrest of Plaintiff ANGEL AGOSTO.

133.Plaintiff ANGEL AGOSTO refused to sign this same probation agreement.

134.Plaintiff ANGEL AGOSTO refused to sign the probation agreement because he was neither engaged in any illegal activity of any kind or type when Defendant "John Doe" SENIOR POLICE OFFICER stopped him, nor when the Defendant "John Doe" POLICE OFFICERS arrested him.

135. Plaintiff ANGEL AGOSTO refused to sign the probation agreement because he had not been made aware of the nature or substance of the charges against him.

136. At or around this time, following Plaintiff ANGEL AGOSTO'S appearance before the Bronx Family-Criminal Courthouse, the Defendant "John Doe" POLICE OFFICERS released

Plaintiff ANGEL AGOSTO from their custody.

137.Six days later, on or about September 29th, 2011, Plaintiff ANGEL AGOSTO and his mother, URBANA SANCHEZ received, via-mail, a Notice of Declination to Prosecute from the Defendant CITY OF NEW YORK'S Law Department's Family Court Division in reference to the charges arising from the Defendant "John Doe" POLICE OFFICERS' arrest of Plaintiff ANGEL AGOSTO.

138.Upon information and belief, Plaintiff ANGEL AGOSTO and his mother URBANA SANCHEZ received a Notice Of Declination to Prosecute because Plaintiff ANGEL AGOSTO did not actually commit any crimes or offenses of any sort or type.

139.Upon information and belief, the Defendant CITY OF NEW YORK'S Law Department sent Plaintiff ANGEL AGOSTO and his mother URBANA SANCHEZ received a Notice of Declination to Prosecute because Plaintiff ANGEL AGOSTO was neither engaged in any illegal activity of any kind or type when Defendant "John Doe" SENIOR POLICE OFFICER stopped him, nor when the Defendant "John Doe" POLICE OFFICERS arrested him.

## PLAINTIFF RONALD LASHLEY'S RELEASE
## AND COURT APPERANCE

140.At or around 1:30am, September 23rd, 2011 the Defendant "John Doe" POLICE OFFICERS called Plaintiff RONALD LASHLEY'S mother, MILAGROS MICHELLE KELLY.

141.Shortly after receiving this call, Plaintiff RONALD LASHLEY'S mother, MILAGROS MICHELLE KELLY arrived at the 43rd Precinct.

142.When Plaintiff RONALD LASHLEY'S mother, MILAGROS MICHELLE KELLY, arrived at the 43rd Precinct, she asked the Defendant "John Doe" POLICE OFFICERS why her son had been arrested.

143.In response, the Defendant "John Doe" POLICE OFFICERS offered conflicting and apparently fabricated reasons as to why they arrested Plaintiff RONALD LASHLEY.

144.For example, one or more of the Defendant "John Doe" POLICE OFFICERS falsely stated, in sum and substance, "We arrested RONALD LASHLEY because he was in a fight."

145. Other Defendant "John Doe" POLICE OFFICERS falsely stated, in sum and substance, "We arrested RONALD LASHLEY because we asked him questions that he refused to respond to."

146.Other Defendant "John Doe" POLICE OFFICERS falsely stated, in sum and substance, "We arrested Plaintiff RONALD LASHLEY because his appearance matched the description of an individual who had recently stolen a cell phone near Westchester Avenue in the Bronx, New York."

147.Upon information and belief, the Defendant "John Doe" POLICE OFFICERS gave Plaintiff RONALD LASHLEY'S mother, MILAGROS MICHELLE KELLY conflicting and apparently fabricated reasons as to why they arrested Plaintiff RONALD LASHLEY because the Defendant "John Doe" POLICE OFFICERS had neither a valid nor a legal reason to arrest Plaintiff RONALD LASHLEY.

148. Upon information and belief, the Defendant "John Doe" POLICE OFFICERS gave Plaintiff RONALD LASHLEY'S mother, MILAGROS MICHELLE KELLY, conflicting and

apparently fabricated reasons as to why they arrested Plaintiff RONALD LASHLEY because they did not know why they had arrested Plaintiff RONALD LASHLEY.

149.The Defendant "John Doe" POLICE OFFICERS had neither a valid nor a legal reason to arrest Plaintiff RONALD LASLHLEY because Plaintiff RONALD LASHLEY was not engaged in any illegal activity of any kind or type when the Defendant "John Doe" SENIOR POLICE OFFICER performed the aforementioned stop of Plaintiff RONALD LASHLEY.

150. The Defendant "John Doe" POLICE OFFICERS had neither a valid nor a legal reason to arrest Plaintiff RONALD LASHLEY because Plaintiff RONALD LASHLEY was not engaged in any illegal activity of any kind or type when the Defendant "John Doe" POLICE OFFICERS performed the aforementioned arrest of Plaintiff RONALD LASHLEY.

151.At or around the time of Plaintiff RONALD LASHLEY'S mother, MILAGROS MICHELLE KELLY'S arrival at the 43rd Precinct, the Defendant "John Doe" POLICE OFFICERS informed MILAGROS MICHELLE KELLY that her son, Plaintiff RONALD LASHLEY, was to appear in court at approximately 11:00am the following morning, September 23rd, 2011.

152.At or around 11:30am, one or more of the Defendant "John Doe" POLICE OFFICERS transferred Plaintiff RONALD LASHLEY to the Bronx Family-Criminal Courthouse.

153. Approximately one and one half hours later, Plaintiff RONALD LASHLEY met with the same probation officer as Plaintiff ANGEL AGOSTO.

154.Upon information and belief, at or around this time, Probation Officer asked Plaintiff RONALD LASHLEY to sign a probation agreement that required him to admit to charges arising from the incident and arrest in question without specifying the nature or substance of the charges at issue.

155.At or around this time, Plaintiff RONALD LASHLEY refused to sign this probation agreement.

156.Plaintiff RONALD LASHLEY refused to sign the aforementioned probation agreement because he was neither engaged in any illegal activity of any kind or type when Defendant "John Doe" SENIOR POLICE OFFICER stopped him, nor when the Defendant "John Doe" POLICE OFFICERS arrested him.

157.Approximately three hours after Plaintiff RONALD LASHLEY'S conversation with Probation Officer, one or more of the the Defendant "John Doe" POLICE OFFICERS appeared in the same room with Plaintiff RONALD LASHLEY.

158.At or around 4:00pm on September 23rd, 2011, one or more the Defendant "John Doe" POLICE OFFICERS returned Plaintiff RONALD LASHLEY to his mother, MILAGROS MICHELLE KELLY.

159.At or around this time, the Defendant "John Doe" POLICE OFFICER(S) then present gave Plaintiff RONALD LASHLEY'S mother, MILAGROS MICHELLE KELLY, Plaintiff RONALD LASHLEY'S release papers to sign.

160.At or around this time, Plaintiff RONALD LASHLEY'S mother, MILAGROS MICHELLE KELLY, signed Plaintiff RONALD LASHLEY'S release papers.

161.At or around 4:30pm, September 23rd, following the Defendant "John Doe" POLICE OFFICERS' arrest of Plaintiff RONALD LASHLEY, Plaintiff RONALD LASHLEY was released

from the custody of the Defendant "John Doe" POLICE OFFICERS..

162. Approximately five days later, on or about, September 28th, 2012, Plaintiff RONALD LASHLEY and Plaintiff RONALD LASHLEY'S mother, MILAGROS MICHELLE KELLY received, via-mail, a Notice of Declination to Prosecute from the Defendant CITY OF NEW YORK'S Law Department's Family Court Division in reference to the charges arising from the incident and arrest in question.

163. Upon information and belief, Plaintiff RONALD LASHLEY received a NOTICE OF DECLINATION following the Defendant "John Doe" POLICE OFFICERS' because Plaintiff RONALD LASHLEY did not actually commit an offense of any sort or type.

164. Upon information and belief, Defendant CITY OF NEW YORK'S Law Department sent Plaintiff RONALD LASHLEY a Notice of Declination to Prosecute because he was neither engaged in any illegal activity of any kind or type when Defendant "John Doe" SENIOR POLICE OFFICER stopped him, nor when the Defendant "John Doe" POLICE OFFICERS arrested him.

165. Upon information and belief, Defendant "John Doe" SENIOR POLICE OFFICER at no point leading up to the stop in question, held a reasonable belief that either Plaintiff RONALD LASHLEY or Plaintiff ANGEL AGOSTO had committed or were about to commit a crime or offense.

166. Following the Defendant "John Doe" POLICE OFFICERS' arrival at the Westchester Avenue location, the Defendant "John Doe" POLICE OFFICERS, upon information and belief, at no point leading up to the arrest in question, held a reasonable belief that Plaintiff RONALD LASHLEY or Plaintiff ANGEL AGOSTO had committed or were about to commit a crime or offense.

167. Instead, the Defendant "John Doe" POLICE OFFICERS arrested Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO because their superior officer, Defendant "John Doe" SENIOR POLICE OFFICER, ordered them to do so.

168. Upon information and belief, Defendant "John Doe" SENIOR POLICE OFFICER and the Defendant "John Doe" POLICE OFFICERS arrested Plaintiff RONALD LASHLEY and PLAINTIFF ANGEL AGOSTO on September 22nd, 2011 as a result of the Defendant "John Does" POLICE OFFICERS' and Defendant "John Doe" SENIOR POLICE OFFICER'S attempt to meet the New York Police Department's "arrest quotas."

169. Upon information and belief, the Defendant "John Doe" POLICE OFFICERS', and Defendant "John Doe" SENIOR POLICE OFFICER'S arrests of Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were illegal "contempt of cop" arrests.

170. Upon information and belief, Defendant "John Doe" SENIOR POLICE OFFICER stopped and the Defendant "John Doe" POLICE OFFICERS arrested Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO on September 22nd as a result of the Defendant "John Does" POLICE OFFICERS' and Defendant "John Doe" SENIOR POLICE OFFICER'S collective act of making arrests based on a shared sentiment characterized as "Racism of Ready Victimization", not of hate, whereby minority individuals are charged with crimes and violations such as resisting arrest, disorderly conduct, and obstruction of governmental administration, in the absence of probable cause to arrest, due to a perceived ease of prosecution of such minority individuals.

171. Upon information and belief, Defendant "John Doe" SENIOR POLICE OFFICER stopped and the Defendant "John Doe" POLICE OFFICERS arrested Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO on September 22nd as a result of the Defendant "John Does" POLICE OFFICERS' and Defendant "John Doe" SENIOR POLICE OFFICER'S collective act of making arrests based on one (or all) of their individually held sentiments characterized as "Racism of Ready Victimization", not of hate, whereby minority individuals are charged with crimes and violations such as resisting arrest, disorderly conduct, and obstruction of governmental administration, in the absence of probable cause to arrest, due to a perceived ease of prosecution of such minority individuals.

172. The Defendant "John Doe" POLICE OFFICERS, Defendant "John Doe" SENIOR POLICE OFFICER, and Defendant "John Doe" POLICE DETECTIVE, and Defendant CITY OF NEW YORK collectively and individually, while acting under color of state law, engaged in constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

173. Further information regarding the existence of the aforementioned constitutionally-violative customs, policies, and practices of Defendant CITY OF NEW YORK and its police officers, as well Defendant CITY OF NEW YORK'S knowledge of the same, and Defendant CITY OF NEW YORK'S failures to address the same are set forth in the appendix to this complaint.

174. At the time of the September 22nd, 2011 Bronx, New York incident and arrest of Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO by the Defendant "John Doe" POLICE OFFICERS, and Defendant "John Doe" SENIOR POLICE OFFICER, neither Plaintiff RONALD LASHLEY nor Plaintiff ANGEL AGOSTO had any warrants out for their arrest.

175. At the time of the September 22nd, 2011 Bronx, New York incident and arrest of Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO by the Defendant "John Doe" POLICE OFFICERS, and Defendant "John Doe" SENIOR POLICE OFFICER, neither Plaintiff RONALD LASHLEY nor Plaintiff ANGEL AGOSTO was carrying a weapon of any sort.

176. At the time of the September 22nd, 2011 Bronx, New York incident and arrest of Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO by the Defendant "John Doe" POLICE OFFICERS, and Defendant "John Doe" SENIOR POLICE OFFICER, neither Plaintiff RONALD LASHLEY nor Plaintiff ANGEL AGOSTO were engaged in any illegal activity of any kind.

177. As a result of the foregoing, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO sustained, inter alia, mental injuries, emotional distress, embarrassment, loss of property, damage of property, humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

178. Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and

effect as if fully set forth herein.

179. All of the aforementioned acts of the Defendant CITY OF NEW YORK, Defendant "John Doe" POLICE DETECTIVE, Defendant "John Doe" SENIOR POLICE OFFICER, and the Defendant "John Doe" POLICE OFFICERS, (collectively, unless otherwise described, "Defendants" henceforth), and their agents, servants and employees, were carried out under the color of state law.

180. All of the aforementioned acts deprived Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

181. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

182. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

183. Defendants, collectively and individually, while acting under color of state law, engaged in Constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

184. As a result of the above constitutionally impermissible conduct, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were caused to suffer personal injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and loss of wages, and damage to their reputations and standings within their communities.

185. As a result of Defendants' impermissible conduct, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO demand judgment against Defendants in a sum of money to be determined at trial.

## SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

186. Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

187. As a result of the aforesaid conduct by Defendants, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were subjected to illegal, improper and false arrests by the Defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

188. As a result of the above constitutionally impermissible conduct, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were caused to suffer personal injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of

wages and damage to their reputations and standing within their communities.

189.As a result of Defendants' impermissible conduct, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO demand judgment against Defendants in a sum of money to be determined at trial.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE USE OF FORCE UNDER 42 U.S.C. §1983

190.Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

191.Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were repeatedly and unnecessarily handcuffed by Defendants.

192.Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were unnecessarily handcuffed to a bench within the the 43rd Precinct for approximately four hours by Defendants.

193.Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were handcuffed by Defendant s in the absence of probable cause to arrest either Plaintiff RONALD LASHLEY or Plaintiff ANGEL AGOSTO.

194.At no point throughout the time spanning the incident, arrest, and unlawful detainment in question did the circumstances presented to Defendants support any of the above applications of force on either Plaintiff RONALD LASHLEY or Plaintiff ANGEL AGOSTO.

195.Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were subjected to excessive force and were assaulted by Defendants, in violation of their rights as guaranteed under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

196.As a result of the above constitutionally impermissible conduct, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were caused to suffer personal injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, and damage to their reputations and standings within their communities.

197.As a result of Defendants' impermissible conduct, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO demand judgment against Defendants in a sum of money to be determined at trial.

## FOURTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

198.Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

199.Defendants had an affirmative duty to intervene on Plaintiff RONALD LASHLEY'S and Plaintiff ANGEL AGOSTO'S behalf in order to prevent the violation of their constitutional rights.

200.Defendants failed to intervene on Plaintiff RONALD LASHLEY'S and Plaintiff ANGEL AGOSTO'S behalf in order to prevent the violation of their constitutional rights despite having had a realistic opportunity to do so.

201.Defendants failed to intervene on Plaintiff RONALD LASHLEY'S and Plaintiff ANGEL AGOSTO'S behalf in order to prevent the violation of their constitutional rights despite having substantially contributed to the circumstances within which Plaintiff RONALD LASHLEY'S and Plaintiff ANGEL AGOSTO'S rights were violated by their affirmative conduct.

202.Defendants failed to intervene on Plaintiff RONALD LASHLEY'S and Plaintiff ANGEL AGOSTO'S behalf in order to prevent the violation of their constitutional rights despite Defendants' awareness that Plaintiff RONLALD LASHLEY'S and Plaintiff ANGEL AGOSTO'S rights were being violated.

203.As a result of the aforementioned conduct of Defendants, Plaintiff RONALD LASHLEY'S and Plaintiff ANGEL AGOSTO'S constitutional rights were violated.

204.As a result of the above constitutionally impermissible conduct, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were caused to suffer personal injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, and damage to their reputations and standings within their communities.

205.As a result of Defendants' impermissible conduct, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO demand judgment against Defendants in a sum of money to be determined at trial.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER *MONELL*
## ARISING FROM UNCONSTITUTIONAL POLICIES AND CUSTOMS
## UNDER 42 U.S.C. §1983

206.Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

207.Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO also incorporate herein by reference the contents of the appendix attached hereto, "ADDITIONAL FACT PLEADINGS IN SUPPORT OF MONELL CLAIMS."

208.Defendants arrested and incarcerated Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrests and incarcerations would jeopardize Plaintiff RONALD LASHLEY'S and Plaintiff ANGEL AGOSTO'S liberty, wellbeing, safety, and constitutional rights.

209.The acts complained of were carried out by the aforementioned Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority

attendant thereto.

210.The acts complained of were carried out by the aforementioned Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

211.The aforementioned customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a) wrongfully arresting individuals without probable cause due to perceived lack of respect for the police officer (i.e., "contempt of cop" arrests);

   b) wrongfully arresting individuals without probable cause in attempts to justify excessive uses of force (i.e. "contempt of cop" "cover charge" arrests; condoning brutality);

   c) wrongfully arresting innocent persons in order to meet quantitative "productivity goals" (i.e., arrest quotas).

   d) wrongfully arresting persons without probable cause due to perceived lack of respect for the police officer; in order to teach a lesson in respect   while also satisfying quantitative "productivity goals" (i.e., "contempt of cop" arrests used to satisfy arrest quotas).

212.As a result of the aforementioned conduct of the Defendants, Plaintiff RONALD LASHLEY'S and Plaintiff ANGEL AGOSTO'S constitutional rights were violated.

213.As a result of the above constitutionally impermissible conduct, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were caused to suffer personal injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages and damage to their reputations and standings within their communities.

214.As a result of Defendants' impermissible conduct, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO demand judgment against Defendants in a sum of money to be determined at trial.

### SIXTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER *MONELL* ARISING FROM
### THE MUNICIPAL DEFENDANTS' PROMULGATION OF UNCONSTITUTIONAL ARREST
### QUOTAS UNDER 42 U.S.C. §1983

215.Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set fourth herein.

216.Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO also incorporate herein by reference the contents of the appendix attached hereto, "ADDITIONAL FACT PLEADINGS IN SUPPORT OF MONELL CLAIMS."

217.Upon information and belief, the arrests of Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were motivated wholly by the Defendant "John Doe" POLICE OFFICERS',

and Defendant "John Doe" SENIOR POLICE OFFICER'S need to meet quantitative enforcement "productivity goals" promulgated by Defendant CITY OF NEW YORK.

218. Upon information and belief, the arrests of Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were motivated in part by Defendants' need to meet quantitative enforcement "productivity goals" promulgated by Defendant CITY OF NEW YORK.

219. Upon information and belief, the arrests of Plaintiff RONALD LASLHEY and Plaintiff ANGEL AGOSTO were motivated wholly by Defendants' need to meet quantitative enforcement "productivity goals" promulgated by policymakers and/or supervisory staff of Defendant CITY OF NEW YORK's police department.

220. Upon information and belief, the arrests of the Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were motivated in part by Defendants' need to meet quantitative enforcement "productivity goals" promulgated by policymakers and/or supervisory staff of Defendant CITY OF NEW YORK's police department.

221. The particular arrests of Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO are believed to have been motivated in whole or in part by the aforesaid unconstitutional arrest quota custom and/or policy because they were undertaken in the absence of probable cause to arrest.

222. The particular arrests of Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO are believed to have been motivated in whole or in part by the aforesaid unconstitutional arrest quota custom and/or policy because they were undertaken in a manner which indicated that Defendants who participated in the Plaintiff RONALD LASHLEYS' and the Plaintiff ANGEL AGOSTO'S arrests made the determination to arrest Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO before determining why Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO should be arrested.

223. As a result of the aforementioned conduct of the Defendant CITY OF NEW YORK, Defendant "John Doe" SENIOR POLICE OFFICER, and the individual Defendant "John Doe" POLICE OFFICERS, Plaintiff RONALD LASHLEY'S and Plaintiff ANGEL AGOSTO'S constitutional rights were violated.

224. As a result of the above constitutionally impermissible conduct, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were caused to suffer personal injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, and damage to their reputations and standings within their communities.

225. As a result of Defendants' impermissible conduct, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO demand judgment against Defendants in a sum of money to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
## EQUAL PROTECTION UNDER 42 U.S.C. § 1983

226. Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO repeat, re-iterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

227. At all times described herein, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO

were possessed of the right to equal protection under the laws, as guaranteed under the 14th Amendment to the United States Constitution.

228. Defendants arrested and incarcerated Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrests and incarcerations would jeopardize Plaintiff RONALD LASHLEY'S and Plaintiff ANGEL AGOSTO'S liberty, well-being, safety and constitutional rights.

229. The acts complained of were carried out by the Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

230. The acts complained of were carried out by the aforementioned Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

231. Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were falsely accused of crimes and violations and were taken into Police custody and detained against their wills.

232. That the actions of the Defendants heretofore described, constituted unlawful detention, imprisonment, and battery and were designed to and did cause mental harm, pain, and suffering both in violation of Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO'S Constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, Fourth and Fourteenth Amendments and the Constitution of the State of New York and in direct retaliation for Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO'S exercise of their civil and constitutional rights of free, free expressive association as guaranteed by the Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York.

233. On March 1, 2010, the New York Times published an Op-Ed piece entitled "Watching Certain People," wherein the author cited to New York City Police Department Statistics showing that of the 2,798,461 stops made by police officers during the years 2004 through 2009, African-American men accounted for 1,444,559 of those stops, and Hispanics accounted for 843,817 of those stops, or 51.6 percent and 30.1 percent, respectively. The vast majority of those stopped, 88.2 percent, were not guilty of any crime.[1]

234. On February 22, 2011, the New York Daily News published an article citing New York Police Department stops for the year 2010, which numbered 601,055. This figure marked a 4.3 percent increase from the year 2009, and African-American and Latino men accounted for approximately 85 percent of all stops.[2]

235. The particular arrests of Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO are

---

[1]   Herbert, Robert, "Watching Certain People," New York Times, March 1, 2010  Article incorporated herein by reference and available online at: http://www.nytimes.com/2010/03/02/opinion/02herbert.html? scp=7&sq=police%20stop%20frisk%20african%20american%20men&st=cse

[2]   Parascandola, Rocco, "New York Police Department Stopped More than 600,000 in 2010, the Highest Number Ever Recorded, February 22, 2011. Article incorporated herein by reference and available online at: http://articles.nydailynews.com/2011-02-22/news/29442269_1_latino-men-fight-crime-new-yorkers

believed to have been motivated in whole or in part by a custom or practice of racism of victimization, not of hate, whereby minority individuals are charged with crimes and violations such as resisting arrest, disorderly conduct, and obstruction of governmental administration, in the absence of probable cause to arrest, due to a perceived ease of prosecution of such minority individuals.

236. The particular arrests of Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO is believed to have been motivated in whole or in part by a custom or practice of racism of victimization, not of hate, whereby minority individuals are charged with crimes and violations such as resisting arrest, disorderly conduct, and obstruction of governmental administration, in the absence of probable cause to arrest, due to a perceived ease of prosecution of such minority individuals, because the Defendants informed Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO that they were being arrested after it was already established that neither Plaintiff RONALD LASHLEY nor Plaintiff ANGEL AGOSTO were carrying any weapons or illegal substances, and did not have any outstanding warrants against them.

237. The Defendants, through their actions, carried out a discriminatory application of such laws, driven by a discriminatory motivation of what might otherwise be facially neutral statutes due to a perceived ease of prosecution.

238. As a result of the aforementioned conduct, Defendants have violated Plaintiff RONALD LASHLEY'S and Plaintiff ANGEL AGOSTO'S constitutional rights to equal protection, and Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO are entitled to seek redress under 42 U.S.C. §1983, and are further entitled to injunctive relief to the extent necessary to prevent further disparate treatment and retaliation.

239. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO as alleged herein.

240. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO as alleged herein.

241. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were subjected to excessive force, false arrest, and excessive and unnecessary detention.

242. As a result of the foregoing, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were caused to suffer personal injuries, violations of their civil rights, negligent and intentional infliction of emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, legal expenses, and damage to their reputations and standings within their communities.

243. As a result of the foregoing, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO demand judgment against Defendants in a sum of money to be determined at trial.

## EIGHTH CLAIM FOR RELIEF
## STATE LAW BATTERY

244. Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

245. Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

246. Defendants who apprehended Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO committed battery upon Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO in the court of their apprehension by reaching their hands into Plaintiff ANGEL AGOST'S pockets, and by unnecessarily handcuffing Plaintiff RONALD LASLHEY and Plaintiff ANGEL AGOSTO.

247. Defendants who apprehended Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO intentionally touched Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO with an intent to cause harm to Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO.

248. The circumstances presented to Defendants at that time did not support the above applications of force on either Plaintiff RONALD LASHLEY or Plaintiff ANGEL AGOSTO.

249. Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were caused to suffer personal injuries, negligent and intentional infliction of emotional distress, anguish, anxiety, fear and humiliation by Defendants' non-consensual and unprivileged physical contact.

250. As a result of the foregoing, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO are entitled to compensatory damages and punitive damages against Defendants in amounts to be determined at trial.

## NINTH CLAIM FOR RELIEF
## STATE LAW NEGLIGENT HIRING AND RETENTION AGAINST
## DEFENDANT CITY OF NEW YORK

251. Plaintiff RONALD LASLHEY and Plaintiff ANGEL AGOSTO repeat, reiterates, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

252. Upon information and belief, Defendant THE CITY OF NEW YORK failed to use reasonable care in the hiring and retention of the Defendant "John Doe" POLICE OFFICERS, Defendant "John Doe" SENIOR POLICE OFFICER, and Defendant "John Doe" POLICE DETECTIVE who conducted and participated in the arrest and acts of battery against Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO.

253. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the aforesaid Defendant "John Doe" POLICE OFFICERS, Defendant "John Doe" SENIOR POLICE OFFICER, and Defendant "John Doe" POLICE DETECTIVE to engage in the wrongful conduct heretofore alleged in this Complaint.

254. As a result of the foregoing conduct, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were caused to suffer personal injuries, violations of their civil rights, emotional

distress, anguish, anxiety, fear, humiliation, and other irreparable damage to their lives.

255. As a result of Defendants' impermissible conduct, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO demand judgment against Defendants in a sum of money to be determined at trial.

1. As a result of Defendants' impermissible conduct, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO demand judgment against Defendants in a sum of money to be determined at trial.

## TENTH CLAIM FOR RELIEF
## STATE LAW NEGLIGENT TRAINING AND SUPERVISION

256. Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO repeat, reiterates, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

257. Upon information and belief the Defendant THE CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid Defendant "John Doe" POLICE OFFICERS, Defendant "John Doe" SENIOR POLICE OFFICER, and Defendant "John Doe" POLICE DETECTIVE who conducted and participated in the arrest, unlawful searches, and acts of battery against Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO.

258. As a result of the foregoing conduct, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO were caused to suffer personal injuries, violations of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, and other irreparable damage to their lives.

259. As a result of Defendants' impermissible conduct, Plaintiff RONALD LASHLEY and Plaintiff ANGEL AGOSTO demand judgment against Defendants in a sum of money to be determined at trial.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a] Invoke pendent party and pendent claim jurisdiction.

[b] Award appropriate compensatory and punitive damages.

[c] Award appropriate declaratory and injunctive relief.

[d] Empanel a jury.

[e] Award attorney's fees and costs.

[f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED:      New York, New York
            July 6th , 2012

Respectfully submitted,

SAMUEL B. COHEN [SC 0622]
STECKLOW COHEN & THOMPSON
10 SPRING STREET – SUITE 1
New York, New York 10012
[212] 566-8000
[212] 202-4952/FAX
SAM@WYLIELAW.COM
ATTORNEYS FOR PLAINTIFF